# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAHIID M. ALAMIIN a/k/a )<br>JAMES SHOCKEY, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>JUSTIN JONES et al., )<br>)<br>      Defendants. ) | Case No. CIV-13-1001-F |

## REPORT AND RECOMMENDATION

This case comes before the Court on Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. No. 2) and Plaintiff's Motion to Move Court for Order Directing Action by LCF and ODOC (Doc. No. 7). The undersigned recommends that the motions be DENIED, as set forth more fully below.

Plaintiff, Mr. Wahiid M. AlAmiin a/k/a James Shockey, a prisoner appearing pro se, initially filed an application for leave to proceed *in forma pauperis* and supporting affidavit on September 17, 2013 (Doc. No. 2). On September 26, 2013, the Court ordered Mr. AlAmiin to cure the deficiencies of his application by providing: additional required financial information, the signature of authorized officer of his penal institution, and the certified copy of Mr. AlAmiin's institutional accounts statement for the six-month period preceding the filing. *See* Order of Sept. 26, 2013 (Doc. No. 6).

Mr. AlAmiin now has filed a "Motion to Move Court for Order Directing Action by LCF and ODOC" (Pl.'s Mot., Doc. No. 7), to which he has attached the documentation described above. In this Motion, Mr. AlAmiin makes various requests to

the Court regarding his application and payment of the filing fee. The undersigned will address each of these in turn.

With respect to Mr. AlAmiin's request to proceed *in forma pauperis*, the prison account statements tendered by Mr. AlAmiin reflect that as of October 1, 2013, he had a total balance of $498.97 in his institutional accounts, which is sufficient to prepay the $400 filing fee. Although Mr. AlAmiin questions these statements' accuracy with respect to the prison official's calculation of certain averages over the six-month period, he does not specifically dispute this total available balance. The undersigned therefore recommends that Plaintiff's *in forma pauperis* application (Doc. No. 2) be DENIED. The undersigned further recommends that the Court (i) order Mr. AlAmiin to pay the full $400.00 filing fee within 21 days of any order adopting this Report and Recommendation (*see* LCvR 3.2, 3.3(e)); and (ii) dismiss the action without prejudice to refiling if Mr. AlAmiin fails to timely pay the filing fee, or to show good cause for the failure to do so, within 21 days of any order adopting this Report and Recommendation. *See* LCvR 3.3(e); *see also Cosby v. Meadors*, 351 F.3d 1324 (10th Cir. 2003) (upholding dismissal of a federal inmate's civil rights complaint based on noncompliance with orders requiring either payment of filing fee or a show of cause for failure to pay).

Second, Mr. AlAmiin requests that he permitted to serve Defendants with his Complaint only (16 pages), excluding its attached affidavit and exhibits (an additional 69 pages). Pl.'s Mot. at 2. While the undersigned recognizes that including the attachments may increase the copying and mailing costs for Mr. AlAmiin, the attachments are part of the pleading and, thus, in Mr. AlAmiin's case the Complaint comprises all 85 pages. The

Court may not properly authorize Mr. AlAmiin to serve Defendants with only a portion of this pleading. *See* Fed. R. Civ. P. 4(c)(1), 10(c); *cf.* Fed. R. Civ. P. 12(b)(4), 12(b)(5) (providing that a party may seek dismissal on the basis of insufficient process or insufficient service of process). The undersigned recommends that this request be DENIED.

Third, Mr. AlAmiin asks for copies of this Court's Local Rules and of "eight Marshall summons forms." Pl.'s Mot. 2. The undersigned has directed the Clerk of the Court to send Plaintiff a copy of the Local Rules. Plaintiff's request for summons forms, however, should be DENIED as premature. After disposition of Plaintiff's *in forma pauperis* application, the Court, if appropriate, will order that the form used by pro se litigants to request the issuance of summons be sent to Mr. AlAmiin by the Clerk. *See* LCvR 3.1. Mr. AlAmiin is advised, however, that if this Report and Recommendation is adopted, the Clerk will not issue summonses until the $400 filing fee is paid in full. Further, while the Court would issue the necessary papers to allow Mr. AlAmiin to serve his Complaint upon Defendants, a plaintiff who is denied *in forma pauperis* status is not entitled to utilize the United States Marshals Service for service at no cost, although he may request their use for a fee. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1921(a)(1)(A); 28 C.F.R. § 0.114.

Finally, Plaintiff's filings reflect that he has both a savings and a draw account, *see* Pl.'s Mot. at 3-5, but he requests that the Court order Defendants "to release the filing fee, required, from plaintiff's mandatory savings only, located in the control of ODOC." Pl.'s Mot. at 1. Mr. AlAmiin's apparent disagreement with the manner in which his

filing fee may be paid, however, is not the subject of a claim in this § 1983 action. The agency having custody of Plaintiff will be informed of the Court's disposition of this Report and Recommendation and will be expected to act in accordance with this Court's orders to facilitate submission of the required filing fee. As there is no indication that Plaintiff's constitutional right to access to the courts is being infringed, the undersigned recommends that this request be DENIED.

## RECOMMENDATION

The undersigned recommends that Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and motion for order directing action (Doc. No. 7) be DENIED.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by November 6, 2013, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation would waive the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation does not terminate the referral.

ENTERED this 16th day of October, 2013.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE

4