# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAHIID M. ALAMIIN a/k/a<br>JAMES SHOCKEY,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT PATTON et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. CIV-13-1001-F<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

Plaintiff Wahiid M. AlAmiin, formerly James Shockey, brings this federal civil rights action against nine Defendants, asserting claims under 42 U.S.C. §§ 1983 and 1985 for violations of the United States Constitution and under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").[1] United States District Judge Stephen P. Friot has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. This Report and Recommendation addresses Plaintiff's allegations and claims against unserved Defendant Billy Gibson.

### PLAINTIFF'S COMPLAINT

Plaintiff is an Oklahoma state prisoner currently housed at Lawton Correctional Facility ("LCF"), a private prison owned and operated by GEO Group Inc. ("GEO"), pursuant to a contract with the Oklahoma Department of Corrections ("ODOC"). *See*

---

[1] 42 U.S.C. §§ 2000cc to 2000cc-5.

Compl. (Doc. No. 1) at 1 & nn.1-3.[2]  In his three-count Complaint, Plaintiff asserts claims against former ODOC Director Justin Jones; former ODOC Director Robert Patton; ODOC employees Debbie Morton and Genese McCoy; GEO-LCF employees Connie Danley, Dean Caldwell, Nancy Fennell, and Billy Gibson; and Imad Enchassi. *See id.* at 1-3.

Plaintiff's claims arise from events alleged to have occurred while he has been housed at LCF. *See id.* at 3-15; Pl.'s Aff. (Doc. No. 1-1, at 1-9). Through this lawsuit, Plaintiff seeks various forms of relief, including compensatory and punitive damages, declaratory judgment, and injunctive relief, based upon actions of Defendants that allegedly violated and are violating Plaintiff's rights under RLUIPA and under the First, Sixth, Eighth, and Fourteenth Amendments. *See* Compl. at 3-15.

## MATTERS CONSIDERED

For simplicity, the undersigned enters three Reports and Recommendations with respect to Plaintiff's claims and Defendants' pending motions. Herein, the undersigned addresses Plaintiff's allegations and claims against unserved Defendant Billy Gibson. Discussed in another Report and Recommendation are the ODOC Defendants' invocation of Eleventh Amendment immunity and Counts One and Three of Plaintiff's Complaint. Count Two of the Complaint is addressed in a separate Report and Recommendation.

---

[2] Citations to documents filed in this Court use the page numbers assigned by the Court's electronic filing system.

ANALYSIS

Defendant Billy Gibson, an LCF employee, is alleged to have participated in the violation of Plaintiff's constitutional rights and of RLUIPA, as outlined in Counts One and Two of the Complaint. *See, e.g.*, Compl. at 6, 11, 12, 13, 14. Despite multiple extensions and the Court-ordered assistance of the United States Marshals Service ("USMS"), Plaintiff has not had service completed upon Defendant Gibson. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff's claims against Defendant Gibson should be dismissed without prejudice due to Plaintiff's failure to effect timely service.

   A. *Background*

On October 15, 2014, the Court ordered that Plaintiff must cause his Complaint to be served upon each of the named Defendants within 120 days of that date. *See* Order of Oct. 15, 2014 (Doc. No. 16) at 1-2. Plaintiff was directed to complete and submit to the Court Clerk the necessary forms for requesting issuance of summonses within 21 days. *See id.* at 2.

Although Plaintiff is not proceeding *in forma pauperis*, the Court permitted service of the Complaint to be attempted by the USMS. The USMS was unable to complete service upon Defendant Gibson using the address that had been provided by Plaintiff. *See* Doc. No. 37 (process return for Defendant Gibson returned unexecuted and bearing notation "Billy Gibson is no longer employed by the Lawton Correctional Facility, Geo Corp.").

Subsequently, upon Plaintiff's motion, the Court ordered those five Defendants who had been served to provide under seal any information they had regarding the

current address of Defendant Gibson, or, if they had no relevant information, to state as much in a notice filed with the Court. *See* Order of Feb. 20, 2015 (Doc. No. 52) at 3. The Court extended Plaintiff's time to complete service until 45 days from the date of that Order—i.e., until April 6, 2015. *See id.* at 4. The served Defendants filed responses, *see* Doc. Nos. 54, 55, 56, and based upon those responses the Court advised Plaintiff that "all Served Defendants denied any information or knowledge regarding Defendant Gibson's address." Order of Mar. 20, 2015 (Doc. No. 64) at 1. The Order reminded Plaintiff that each Defendant must be served no later than April 6, 2015, and that "the failure to timely file proof of service as to any Defendant could result in the dismissal of the claims against that Defendant. *See* Fed. R. Civ. P. 4(d)(4), (l), (m)." *Id.* at 1-2.

Plaintiff next filed a motion requesting that the Court compel those Defendants who work for LCF/GEO to release Defendant Gibson's employment records to the Court and thereby provide Defendant Gibson's address. *See* Pl.'s Mot. to Compel (Doc. No. 75). Plaintiff's Motion to Compel listed a new address for Defendant Gibson and also referenced service by publication, although the nature of this reference was unclear. *See* Pl.'s Mot. to Compel at 1 ("Are to allow service by the Oklahoma Daily newspaper, that is circulated state wide, or by other means, statute of limitations has run."), 3. Because the served Defendants already had advised that they had no information regarding Defendant Gibson, and there was no indication that Plaintiff had sought such information through discovery, the undersigned denied Plaintiff's request to compel the production of employment records and other information from Defendants. Order of Apr. 8, 2015 (Doc. No. 77). Recognizing that Plaintiff had provided another potential address for

4

Defendant Gibson, however, the Court directed the USMS to attempt service at that address and extended Plaintiff's service deadline to May 18, 2015. *See id.* at 2.

On April 28, 2015, the served Defendants jointly filed an Objection to discovery requests they had received from Plaintiff, objecting in particular to Plaintiff's requests for information regarding Defendant Gibson. *See* Doc. No. 79. On April 30, 2015, the USMS again filed an unexecuted process return on Defendant Gibson, noting they had gone to the second address provided by Plaintiff but that Defendant Gibson "has not lived at address for several years, according to current resident." *See* Doc. No. 80. Plaintiff provided no further information to the Court or the USMS and submitted no proof of service or waiver of service prior to expiration of his May 18, 2015 deadline. Accordingly, the Court ordered Plaintiff to show cause, no later than January 14, 2016, as to why all claims raised against Defendant Gibson should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). *See* Order to Show Cause of Dec. 23, 2015 (Doc. No. 84). The Court also granted Defendants' joint discovery Objection with respect to Defendant Gibson, ordering that—in light of the information previously provided by Defendants pursuant to court order—Plaintiff was not entitled to discovery of Defendants' employee records, contact information, and electronic information regarding Defendant Gibson or his wife. *See* Disc. Order of Dec. 23, 2015 (Doc. No. 85).

On January 6, 2016, Plaintiff responded to the Order to Show Cause. *See* Pl.'s Objs. (Doc. No. 87). Plaintiff again argued that LCF/GEO does have knowledge, or access to knowledge through Defendant Gibson's wife, regarding Defendant Gibson. *See id.* at 3. Plaintiff also contended that Defendants made "false statements" in representing

to the Court that they did not have information regarding Defendant Gibson's address. *See id.* In these Objections, Plaintiff further requested that he be permitted to serve Defendant Gibson by publication. *See id.* at 4 (citing Okla. Stat. tit. 12, § 2004(C)(3)(a)).

   B. *Discussion*

As outlined above, Plaintiff's twice-extended deadline to serve Defendant Gibson expired on May 18, 2015, as Plaintiff was advised in the Order to Show Cause. Thus the threshold question is whether Plaintiff has shown "good cause" for the failure to serve Defendant Gibson by that date, such that an extension of time is mandated by the version of Federal Rule of Civil Procedure 4(m) that was in effect at the time this lawsuit was filed and when service was ordered. *See* Fed. R. Civ. P. 4(m) (2014) ("If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

The Objections submitted by Plaintiff, with allegations and explanations therein citing his pro se status and discovery attempts, do not show good cause for the continued failure to serve Defendant Gibson. *See* Pl.'s Objs. at 1-4; *Despain v. Salt Lake City Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) (noting that Rule 4's "good cause" provision "should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule" (internal quotation marks omitted)). And Plaintiff's contention that the statute of limitations has run on the relevant claims does not constitute good cause warranting a mandatory extension of his deadline. *See*

6

Pl.'s Mot. to Compel at 1; *Despain*, 13 F.3d at 1439; *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

Notwithstanding Plaintiff's failure to show good cause, the Court still must consider whether a permissive extension of time to complete service of process is warranted. *See Espinoza*, 52 F.3d at 841. The Tenth Circuit has noted that a permissive extension of time may be proper where "policy considerations might weigh in favor of granting a permissive extension of time" or "if the applicable statute of limitations would bar the refiled action." *Id.* at 842 (internal quotation marks omitted). Additionally, "[t]he district court should also take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id.* at 842 n.8 (internal quotation marks omitted).

While "[i]t is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses" of former prison employees for the purpose of service, *Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010); *see also Morrow v. Jones*, No. CIV-09-633-M (W.D. Okla. Nov. 2, 2009) (order), the Court in this case directed that the served Defendants supply any information they had regarding Defendant Gibson's current address to the Court. Further, the Court twice directed that the USMS assist Plaintiff in serving Defendant Gibson, despite Plaintiff not qualifying for that assistance as a matter of right, and repeatedly warned Plaintiff that it was ultimately his responsibility to obtain service on Defendant Gibson. And although the limitations period for Plaintiff's claims against Defendant Gibson may have expired while this action has been pending, Oklahoma's "savings statute" likely would allow Plaintiff to file a new

7

action within one year of dismissal. *See* Okla. Stat. tit. 12, § 100; *Williams v. City of Guthrie*, 109 F. App'x 283, 286 (10th Cir. 2004). In light of this long history, the slight possibility of relief offered by service via publication does not warrant another extension. *Cf. Herrera v. Zavares*, No. 09-cv-1229, 2010 WL 3853312, at *13-14 (D. Colo. Sept. 28, 2010) ("Much as the train must eventually leave the station with those aboard—and leave behind those who have not arrived on time—this litigation began moving forward against those Defendants that [Plaintiff] was able to promptly serve, and [this Defendant] was not among them."). All claims against Defendant Gibson should be dismissed without prejudice due to Plaintiff's failure to effect timely service.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's claims against Defendant Billy Gibson be dismissed without prejudice for failure to effect timely service.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by September 20, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 30th day of August, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE