# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WAHIID M. ALAMIIN a/k/a JAMES SHOCKEY. | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-13-1001-F |
| | ) | |
| ROBERT PATTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This civil rights action is brought pursuant to 42 U.S.C. § 1983 by plaintiff Wahiid M. AlAmiin a/k/a James Shockey who appears *pro se* and whose pleadings are liberally construed. On August 30, 2016, Magistrate Judge Charles B. Goodwin issued three Reports and Recommendations. Doc. no. 105 (88 pages), doc. no. 106 (42 pages), and doc. no. 107 (9 pages). The Reports submitted by Magistrate Judge Goodwin address the following motions: Caldwell, Danley and Fennell's (the Lawton Correctional Facility "LCF" defendants') motion to dismiss or for summary judgment (doc. no. 60, Caldwell's motion, and doc. no. 76, permitting Danley and Fennell to adopt Caldwell's arguments); Patton,[1] Jones, McCoy and Morton's (the Oklahoma Department of Correction "ODOC" defendants') motion to dismiss or motion for

---

[1]Former ODOC Director Patton is not named in the original complaint. He was substituted for official capacity claims originally alleged against former ODOC Director Jones. Accordingly, the only claims against Patton are official capacity claims which were once asserted against Jones. *See*, doc. nos. 105, p. 2, n.3; 106, p.2, n.2.

summary judgment (doc. no. 67); and defendant Enchassi's motion to dismiss or for summary judgment (doc. no. 72).[2]

The Reports address the following topics.

The First Report (doc. no. 105).

Defendants' assertion of eleventh amendment immunity, and counts one and three of the complaint, are addressed in the First Report. Count one relates to plaintiff's halal-diet claims. Count three relates to plaintiff's claim that the LCF defendants have not complied with a prior halal-diet order entered in another lawsuit which was also presided over by the undersigned. The order and final judgment in the prior case provided that a halal diet consisting of food prepared and served in compliance with certain ODOC standards and procedures, would be provided to plaintiff so long as he was housed at LCF. *See*, Alamiin v. Miller, Case No. CIV-08-1371-F, Order and Judgment of May 14, 2012, doc. no. 171, p. 4.[3] The First Report recommends that the motions filed by defendants Jones, Patton, McCoy, Morton, Caldwell, Danley and Fennell (doc. nos. 60, 67) be granted in part and denied in part as set out in detail in the First Report. The First Report also recommends that defendant Enchassi's motion be granted.

The Second Report (doc. no. 106).

Count two is addressed in the Second Report. In count two, plaintiff alleges violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and violation of the First, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, due to defendants' refusal to process grievances and provide plaintiff with medical treatment pursuant to requests made in plaintiff's legal name of

---

[2]Enchassi is the alleged leader of the Islamic Society of Greater Oklahoma City.

[3]The prior case settled after jury selection, and the parties were directed to submit an agreed final order memorializing the settlement.

Wahiid AlAmiin rather than in his former name of James Shockey. The Second Report recommends that the motions filed by defendants Jones, Patton, McCoy, Morton, Caldwell, Danley and Fennell (doc. nos. 60, 67) be granted in part and denied in part as set out in detail in that Report.

The Third Report (doc. no. 107).

Plaintiff's claims alleged against unserved defendant Billy Gibson are addressed in the Third Report. Gibson, an LCF employee, is alleged to have participated in the violation of plaintiff's constitutional rights and RLUIPA, as outlined in counts one and two of the complaint. The Third Report recommends that plaintiff's claims against Gibson be dismissed without prejudice for failure to effect timely service.

Objections to the Reports (doc. no. 118, plaintiff's objections; doc. nos. 116, 117, defendants' objections).

The parties have filed objections to the Reports. All objected-to matters have been reviewed *de novo*.

Plaintiff states at least thirteen numbered objections, many of which have sub-parts. Doc. no. 118. Although not necessarily a complete list, the gist of some of these objections is described below. Whether or not listed below, the court has reviewed all of plaintiff's objections, all of their sub-parts, and all portions of the Reports including but not limited to the pages cited by plaintiff in his objections.

With respect to the First Report (doc. no. 105) plaintiff objects that the magistrate judge did not address all of plaintiff's claims. Plaintiff also objects to pp. 50-53 of that Report as containing numerous errors and on the grounds that the magistrate judge erred in concluding that McCoy and Morton were entitled to qualified immunity. Plaintiff objects to pp. 53-68 of that Report as containing numerous errors and on the ground that the magistrate judge erred in concluding that

Jones was entitled to qualified immunity. Plaintiff objects that he is owed an answer or resolution to certain grievances and appeals so that if he does not otherwise obtain relief he can move to the next stage. Plaintiff objects to pp. 9-17 of the Report, arguing that the magistrate judge erred by not addressing the four-year RLUIPA statute of limitations, and argues this failure means the magistrate judge erred when he recommended dismissal of Enchassi because plaintiff contends he alleged diet claims against Enchassi under RLUIPA. Plaintiff argues the Report errs with respect to the §1983 claim, contending that plaintiff made clear when he learned of Jones's and Enchassi's actions but that this timing was ignored by the magistrate judge.

Plaintiff objects to the Second Report (doc. no. 106), arguing that the magistrate judge erred when he concluded that the RLUIPA claim was foreclosed by the weight of authority and by the evidence in the record. Plaintiff sets out a number of sub-parts to this objection, including but not limited to arguments that the magistrate judge has drawn attention to what plaintiff now contends is an *ex post facto* violation as a result of policy changes, and arguing that DOC's dual name policy only requires usage of dual names on envelopes. Plaintiff argues that the Report errs because defendants are required to demonstrate a compelling interest to the particular person whose expression of religion is burdened, and because defendants' arguments regarding their alleged penological interest are conclusory and exaggerated, and because the policy regarding dual names is not neutral but is designed to suppress expression and religion without penological interests being served. Plaintiff also argues that he raised his right to constitutional protection of his personal identity, and his right to communicate and to associate, but that these issues were not addressed by the Report. Plaintiff argues that he is substantially burdened by a requirement that he continue to use his incarcerated name even if used along with his religious name, due to his sincerely held belief that he will be sent to hell eternally for this continued use

of his incarcerated name. Plaintiff contends that, upon review, this court will conclude that the magistrate erred and that the defendants did not meet their burdens.[4] Plaintiff contends he raised certain discovery issues but that the magistrate judge did not address these issues. Plaintiff contends that the cases cited by the magistrate judge are distinguishable because plaintiff has evidence to show that defendants do not serve any penological interest by keeping plaintiff from using his religious name only.

Plaintiff objects to the Third Report (doc. no. 107) on the ground that plaintiff should have been granted leave to serve Billy Gibson through the newspaper.

In addition, at the end of his objections, plaintiff argues, in the broad terms and without citing any specifics of any proposed amendments, that he should be granted "leave to amend the complaint to correct the record and defects as a matter of course...." Doc. no. 118, p. 13. That request is denied.

Plaintiff's objections pertain to issues which are adequately, and correctly, covered in the Reports. In addition, any new arguments made by plaintiff for the first time in his objections and not presented to the magistrate judge, are waived. In light of the magistrate judge's thorough and carefully reasoned Reports, further discussion of plaintiff's objections is not necessary here. Plaintiff's objections to the Reports are **DENIED**. Doc. no. 118.

Defendants have filed two, separate objections to the Reports.

Defendants' first objection (doc. no. 116) sets out three propositions, all of which pertain to the First Report (doc. no. 105).

In the first proposition, LCF defendants Caldwell, Danley and Fennell object to the First Report primarily on the ground that the magistrate judge did not fully

---

[4]Objections (such as this one) which could be construed as pertaining to general matters and thus to more than one of the Reports, have been construed broadly as pertaining to all three of the Reports.

address their limitations defense with respect to plaintiff's constitutional and statutory RLUIPA rights. Defendants concede that the statements in their brief on this issue were general. They argue, however, that the record contains sufficient facts to indicate that plaintiff's Free Exercise Clause and RLUIPA-based halal-diet claims were known to plaintiff more than two years before September 12, 2011, the date of filing for limitations purposes as found by the magistrate judge. The magistrate judge explained that defendants had not adequately supported their limitations arguments. In addition, a four-year limitations period would appear to apply to RLUIPA claims, an issue which plaintiff has raised in his objections. Pettigrew v. Zavaras, 574 Fed. Appx. 801, 807 (10th Cir. 2014), unpublished. Given the record which was before the magistrate judge, the court finds no error with the Report's handling of the limitations defenses.

In the second proposition of their first objection, the LCF defendants object to the First Report's holding that plaintiff's 2011 grievance appeal exhausted his administrative remedies with respect to complaints regarding a diet plan instituted in 2012. The First Report, however, found that plaintiff's 2011 grievance appeal tracked plaintiff's current legal claims alleged in count one sufficiently to put prison officials on notice of the alleged wrong, and that it provided enough information for officials to investigate and address the complaints raised by plaintiff in response to the later changes to the diet referred to by plaintiff as the "pseudo-halal" diet provided by LCF. The court finds no error with respect to the Report's conclusions that, on the record before the magistrate judge, defendants did not meet their burden to show that undisputed material facts establish that plaintiff failed to exhaust his administrative remedies as required by the PLRA, and that defendants' motions should be denied insofar as they request judgment on the basis of the affirmative defense of non-exhaustion. *See*, doc. no. 105, p. 33.

In the third proposition of their first objection, the LCF defendants object to the First Report on the ground that the magistrate judge erred when he failed to find that the halal-diet claims were not actionable. Defendants argue that the magistrate judge's conclusions stated in another portion of the Report, indicate that plaintiff alleges he has received a religious diet option different from the general population and designed to accommodate the requirements of halal, although plaintiff contends the diet does not meet the requirements of halal as plaintiff practices it. Defendants argue that this conclusion disposes of the diet claims because it is clear that plaintiff's religious rights are not being substantially burdened.

The magistrate judge found that plaintiff's allegations and evidence were sufficient to show a genuine question of fact as to whether defendants had denied plaintiff a proper halal diet and forced him to decide between untenable choices, thereby consciously or intentionally interfering with plaintiff's rights. Doc. no. 105, p. 44. As a result, the magistrate judge concluded that defendants were obligated to identify the legitimate penological interests that justified the impinging conduct. *Id.* The Report states that to satisfy this requirement, the prison must make a minimal showing that a rational relationship exists between its policy and stated goals, and that the defendants "fail to make even this minimal showing." *Id.* at 45. The Report explains this conclusion in detail, reviewing the record and defendants' failure in this regard. *Id.* at 45-46. Given the record which was before the magistrate judge, the magistrate judge did not err on this issue.

Defendants' second set of objections (doc. no. 117) pertains to the Second Report (doc. no. 106). LCF defendants Caldwell, Danley and Fennell object to the Second Report on the ground that the magistrate judge did not address all of their arguments. Defendants focus on what they contend is the Report's failure to address their limitations defense with respect to plaintiff's eighth amendment claim that his

medical care was delayed because of the dual name issue. Defendants concede that the Report references on-going treatment, but they argue that this claim accrued at the time of plaintiff's initial complaint and that it is barred under a two-year limitations period. Defendants argue that plaintiff became aware of his name change, and of its effect on his requests for prison services, by July 13, 2011 at the latest, when plaintiff's request for health services was returned to him because the listed name and DOC number did not match. Their objection cites no record evidence in support of these arguments. Regardless, the court declines to find error with regard to any purported failure on the part of the magistrate judge to adequately address this issue, given the record and the briefs which were before him.

Defendants' objections to the Reports are **DENIED**. Doc. nos. 116, 117.

With all objections having been denied, the Reports and Recommendations of Magistrate Judge Goodwin are **ACCEPTED**, **ADOPTED** and **AFFIRMED** (doc. nos. 105, 106, 107), as follows.

As recommended in the First Report (doc. no. 105):

The motions to dismiss or for summary judgment filed by defendants Jones, Patton, McCoy, Morton, Caldwell, Danley and Fennell (doc. nos. 60, 67) are **GRANTED IN PART** and **DENIED IN PART**, as stated in more detail below. In addition, defendant Enchassi's motion to dismiss or for summary judgment (doc. no. 72) is **GRANTED**.

Specifically:

1. Plaintiff's federal claims seeking money damages against defendants Patton, McCoy and Morton in their official capacities are **DISMISSED** without prejudice because, based on eleventh amendment immunity, the court lacks subject matter jurisdiction over these claims.

2. With respect to count one (the halal-diet claims):

a. The "pseudo-halal diet" claim of conspiracy in violation of 42 U.S.C. § 1983 is **DISMISSED** in its entirety, with prejudice, as barred by the applicable statute of limitations, and defendant Enchassi is **DISMISSED** from this action;

b. Plaintiff's remaining claims of unlawful conspiracy and of retaliation are **DISMISSED** in their entirety, without prejudice, for failure to state a claim upon which relief can be granted;

c. Defendants McCoy, Morton and Jones are **GRANTED** summary judgment on the first amendment free exercise claim, but this claim remains pending against defendants Caldwell, Fennell and Patton; and

d. The RLUIPA claim remains pending against defendants Patton, Caldwell and Fennell.

3. To the extent that count three: (a) attempts to allege a violation of the Constitution or RLUIPA based upon non-compliance with the order and final judgment entered in <u>AlAmiin v. Miller</u>, Case No. CIV-08-1371-F; or (b) attempts to allege a violation of the Eighth Amendment based on receipt of an improper halal diet, all claims therein are **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

4. Plaintiff's motion seeking resolution of the summary and opposition motions (doc. no. 104) is **DENIED** as moot.

<u>As recommended in the Second Report (doc. no. 106)</u>:

The motions to dismiss or for summary judgment filed by defendants Jones, Patton, McCoy, Morton, Caldwell, Danley and Fennell (doc. nos. 60, 67) are **GRANTED IN PART** and **DENIED IN PART**, as stated in more detail below.

Specifically, with respect to count two (the legal-name claims):

1. Plaintiff's sixth amendment access-to-courts claim and plaintiff's fourteenth amendment equal protection claim, are **DISMISSED**, without prejudice, for failure to state a claim upon which relief can be granted;

2. Summary judgment is **GRANTED** in all defendants' favor on plaintiff's first amendment and RLUIPA claims; and

3. Plaintiff's eighth amendment claim for denial of medical treatment is **DISMISSED**, without prejudice, as to defendants Jones, Morton and McCoy in their individual capacities, but remains pending against defendant Patton and against defendants Caldwell, Danley and Fennell.

As recommended in the Third Report (doc. no. 107):

Plaintiff's claims against defendant Billy Gibson are **DISMISSED**, without prejudice, for failure to effect timely service.

Summary of the Remaining Claims:

The surviving claims are summarized as follows.

Count one, alleging halal-diet claims, remains to the extent that it brings claims against defendants Caldwell, Fennell and Patton, under the First Amendment's Free Exercise Clause and under RLUIPA.[5]

Count two, alleging name-related claims, remains to the extent that it brings claims against defendants Patton, Danley and Fennell under the Eighth Amendment based on denial of medical treatment.

The claims which survive against Patton are official capacity claims, the only capacity in which Patton was substituted as a party in this action. *See*, n.1, *supra*. The

---

[5]As discussed by the magistrate judge, plaintiff stated in his briefing papers that he seeks no money damages, and that he seeks only declaratory and injunctive relief on his RLUIPA claims. *See*, doc. no. 105, p. 69.

claims which survive against Caldwell, Fennell and Danley, are individual capacity claims.[6]

<u>Defendant Allbaugh Substituted, Going Forward</u>.

The First and Second Reports state that Patton is no longer ODOC Director and that the current ODOC Director should be substituted as the defendant with respect to claims against Patton. Doc. no. 105, p. 2, n.3; doc. no. 106, p. 2, n.2. To avoid confusion, the court has, to this point, continued to refer to claims against Patton. However, Joe M. Allbaugh is the current, interim director of ODOC.[7] Accordingly, going forward, Allbaugh, in his official capacity, is **SUBSTITUTED** for defendant Patton. The claims which this order describes as remaining against Patton are the claims which remain against Allbaugh in his official capacity. In future filings, the caption of this case should substitute the name of defendant Joe M. Allbaugh for the name of defendant Robert Patton.

Dated this 13th day of December, 2016.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-1001p010.wpd

---

[6]Caldwell, Fennell and Danley are employees of LCF, a private prison owned and operated by GEO Group Inc. pursuant to a contract with ODOC. These defendants were originally sued in their individual and official capacities. As employees of a private prison, they are not state officials, and official capacity claims cannot be asserted against them. *See*, Jones v. Barry, 33 Fed. Appx. 967, 971, n.5 (10th Cir. 2002) (employees of a private prison lack an "official capacity" for purposes of the Eleventh Amendment, but can be held personally liable).

[7]*See*, https://www.ok.gov/doc/Organization/Director's_Office/index.html (last visited December 12, 2016).