UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WAHIID M. ALAMIIN a/k/a<br>JAMES SHOCKEY, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Case No. CIV-13-1001-G |
| SCOTT CROW, in his official capacity, | )<br>)<br>) | |
| Defendant. | ) | |

## ORDER

Now before the Court is Plaintiff's Motion to Compel (Doc. No. 226), seeking an order compelling Defendant to provide new responses to Plaintiff's requests for production of documents. Defendant has responded (Doc. No. 230). The Motion is hereby GRANTED IN PART and DENIED IN PART, as outlined below.

The Court first notes deficiencies in both parties' briefing. First, Defendant states that he objects to Plaintiff's Motion on grounds including that the requested documents "will not aid [Plaintiff] in trial." Def.'s Resp. at 2. Defendant cites no authority supporting such an objection, and it is not well founded. *See Lachney v. Target Corp.*, No. CIV-06-1389-HE, 2008 WL 11420069, at *1 (W.D. Okla. Aug. 20, 2008) (noting that discovery is not limited to the issues raised by the pleadings and "is not restricted to evidence that would be admissible at trial").

Next, to demonstrate Defendant's allegedly "evasive or incomplete" discovery responses, Plaintiff simply attaches all of his initial requests and all of Defendant's initial

responses. Fed. R. Civ. P. 37(a)(4); *see* Doc. Nos. 226-1, 226-2.[1] Plaintiff provides focused discussion regarding only one of his requests. Relatedly, Defendant addresses only two of the numerous requests submitted by Plaintiff. The end result is that even with liberal construction of Plaintiff's Motion, *see* Doc. No. 230-2, Plaintiff fails to present a meaningful argument that the Court should compel responses to any discovery requests other than the two that are highlighted by Defendant: Requests for Production Nos. 1 and 3. The Court therefore examines these two Requests, bearing in mind the late stage of these proceedings and the relevant standards of the Federal and Local Civil Rules.

- *Request for Production No. 1*

In Request for Production ("RFP") No. 1, Plaintiff asks for the address, phone number, and e-mail address for multiple "past and present employees of ODOC," including "all the individuals you have on your religious board that deals with the Islamic issues," as well as for multiple other individuals. Doc. No. 226-1, at 1.

Defendant objects (1) that the information pertaining to ODOC employees is "confidential pursuant to State statute" and (2) that Defendant does not possess contact information for any of the other individuals "that has not already been provided to Plaintiff." Doc. No. 230-2, at 3; *see also* Def.'s Resp. at 3 (citing Okla. Stat. tit. 51, § 24A.7).

---

[1] To the extent Plaintiff seeks responses to his amended discovery requests, served on May 10, 2019 (Doc. No. 226-3), the Court agrees with Defendant that based on the current record, the Motion should be denied, as the requests were not served in time to be completed before the parties' May 31, 2019 discovery deadline. *See Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003).

The Court agrees that Defendant, in his official capacity as the Interim Director of ODOC, is required by state statute to keep contact information of current and former ODOC employees confidential. *See* Okla. Stat. tit. 51, § 24A.7(D). Therefore, to the extent Plaintiff is seeking contact information for current and former "employees" of ODOC (i.e., Jones, Morton, McCoy, May, Blackmon, Redpath, members of the "religious board"), the Motion to Compel is denied.

The other individuals listed do not appear to be employed by ODOC, and so the confidentiality of their contact information is not addressed by the state statute. Defendant represents that as for all the other individuals listed, any contact information possessed by Defendant has already been provided to Plaintiff. Doc. No. 230-2, at 3. The Court directs that, to the extent that Defendant has any contact information within its possession, custody, or control as to Enchassi, Caldwell, Johns, Dawson, Danley, and Gibson, Defendant must submit that information to Plaintiff within seven days of this Order. If Defendant has no such information, he must notify Plaintiff of that fact within seven days of this Order but need take no further action.

- *Request for Production No. 3*

    In RFP No. 3, Plaintiff asks Defendant:

    To provide where in policy DOC OP-140117 that when a DOC 140117A "Request For Health Services" form is filed, that it gives any ODOC Correctional Health Service Administrator or any other person the authority to deny medical services or access to medical services. (Locate in the policy the list of rejections authorized.)

Doc. No. 226-1, at 2. Defendant's response reflects that he provided copies of OP-140117, OP-140119, and OP-140121 to Plaintiff. *Id.* Because such copies would allow

3

Plaintiff to locate the presence or absence of the requested language, Plaintiff's Motion is denied as to RFP No. 3.

IT IS SO ORDERED this 12th day of July, 2019.

CHARLES B. GOODWIN
United States District Judge