# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAHIID M. ALAMIIN a/k/a<br>JAMES SHOCKEY,<br><br>      Plaintiff,<br><br>v.<br><br>SCOTT CROW,<br>in his official capacity,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. CIV-13-1001-G<br>)<br>)<br>)<br>)<br>) |

## ORDER

Now before the Court are two Motions filed by Plaintiff (Doc. Nos. 238, 240), seeking several forms of relief. Having considered the record and Defendant's responsive submissions (Doc. Nos. 244, 245, 246), the Court denies the Motions.

### I. Background

According to the parties' filings, Plaintiff on July 8, 2019, was placed in his prison facility's administrative-segregation unit ("SHU") while an investigation was conducted on a prison misconduct report. While he was housed in SHU, Plaintiff drafted and submitted the instant Motions. The misconduct report was deemed to be unfounded, and on July 12, 2019, Plaintiff was moved out of SHU and placed back into the regular prison population. *See* Doc. No. 245-1.

### II. Discussion

The Court addresses each of Plaintiff's requests in turn.

Plaintiff primarily seeks injunctive relief in the form of his release from SHU and access to property and legal materials that he is not permitted to keep with him in SHU. Because the record reflects that Plaintiff is no longer being held in SHU, and thus is no longer subject to any immediate restriction, this request is moot. *See Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011); *Stephens v. Jones*, 494 F. App'x 906, 910-11 (10th Cir. 2012). To the extent Plaintiff implies that he may be subject to retaliation or continue to be denied access to his property and legal materials, the Court finds that such allegations are overly speculative and do not support interference in prison administration. *See Turner v. Safley*, 482 U.S. 78, 84-86 (1987). If Plaintiff encounters difficulty after his return to the general population, he may seek assistance from the Court by way of a specific and supported request.

Plaintiff also asks for a stay of this action due to his being held in SHU without access to his legal materials. A bench trial is scheduled to be held in August 2019 on the remaining 42 U.S.C. § 1983 claims brought by Plaintiff. The Court finds that because Plaintiff experienced only a four-day interruption in his access to legal materials, neither a delay of trial nor an extension of the remaining deadlines is warranted.

Plaintiff additionally asks the Court to "keep the material addresses" that were initially investigated "and turn them over to the US Marshal[s] Services" so that his trial witnesses can be served with subpoenas. Pl.'s Emerg. Mot. (Doc. No. 23) at 4. This request does not demonstrate that the extraordinary remedy of the Court's involvement in a party subpoenaing witnesses for trial is required. As an initial matter, Plaintiff is not entitled to the assistance of the U.S. Marshals Service as of right, as he is not proceeding *in forma*

*pauperis*. *See* Fed. R. Civ. P. 4(c)(3). In addition, the docket does not reflect that any subpoenas have yet been requested or issued. *See* Doc. No. 224 (providing guidance on issuance of subpoenas); Fed. R. Civ. P. 45.

Plaintiff requests a "discovery settlement conference and any other joint status mandated activities" with Defendant. Pl.'s Emerg. Mot. at 3. The Court declines to order any sort of discovery conference, as there is no currently pending discovery motion and any remaining pretrial issues can be addressed at docket call. The Court will not direct that a judicial settlement conference be held at this time, in light of Defendant's representation that the parties are continuing to discuss options for disposition of this matter.

Finally, Plaintiff reurges his previous request for appointment of counsel. As previously noted, however, "[t]he Court has exhausted its options for obtaining counsel as contemplated by 28 U.S.C. § 1915(e)(1)." Order of Feb. 1, 2019 (Doc. No. 206).

## CONCLUSION

For all of these reasons, Plaintiff's Motions (Doc. No. 238, 240) are DENIED.

IT IS SO ORDERED this 24th day of July, 2019.

*/s/ Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge